**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 19-mj-00139-KLM-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. CARLOS ROBERT PEREZ-RODRIGUEZ
**2.  DOUGLAS DANIEL AMAYA-ARRIAGA**
3. AMILCAR ENRIQUE AGUILAR-HERNANDEZ

Defendants.

---

**UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE
PURSUANT TO THE SPEEDY TRIAL ACT**

---

Defendant, Douglas Daniel Amaya-Arriaga, by counsel Lynn Pierce, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 and Fed. R. Crim. P. 12, moves, without opposition, for an ends of justice continuance of 45 days to proceed with trial as follows:

1.  Mr. Amaya-Arriaga is charged by information with knowingly escaping and attempting to escape from the GEO Contract Detention Facility, in Violation of Title 18, United States Code, Section 751(a).  [Doc. No. 19]

2.  Mr. Amaya-Arriaga was arraigned June 26, 2019 and entered a plea of not guilty.  [Doc. No. 20]  Trial is set for August 19, 2019.  [Doc. No. 21]

3.  Counsel has received the discovery.  Counsel believes there is additional evidence/discovery to be obtained from the Government.  In addition, there are other areas in which the defense needs to investigate regarding possible defenses for Mr. Amaya-Arriaga. Additional investigation is critical for an analysis of the evidence and is

essential for the defense to effectively prepare for trial.

4.  Under the Speedy Trial Act, trial must commence within 70 days after the indictment or initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1).  *See generally, Bloate v. United States,* 559 U.S. 19, 198-99 (2010); *United States v. Toombs,* 574 F.3d 1262, 1268-1274 (10th Cir. 2009).  Periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  The Act excludes time which results in a continuance on a finding that the ends of justice outweigh the interests of the public and defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999).  And time may be excluded for preparation of pretrial motions where the District Court enters ends of justice findings.  *Bloate* at 202 (citing 18 U.S.C. § 3161(h)(1)).

5.  The Speedy Trial Act serves two distinct interests:  first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act excludes any period of delay resulting from a continuance on the basis of findings that the ends of justice by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  *United States v. Hill*, 197 F.3d 436, 440-41 (10th Cir. 1999)(quoting former 18 U.S.C. § 3161(h)(8)(A)).

6.  Factors which apply to an ends of justice finding include:  (1) whether the case is so complex or unusual, due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the

time limits established under 18 U.S.C. § 3161(h)(7)(B)(ii); and (2) whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex but will deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(B)(iv).  See United States v. Larson, 627 F.3d 1198, 1203-04 (10th Cir. 2010).

7. In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill,* 197 F.3d at 440.  This Court must consider the following factors listed in section 3161(h)(7)(B):

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

> (ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

> (iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*, § 3161(h)(7)(A).  Those findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).

        8.      The Tenth Circuit has set out four factors for consideration when deciding to grant an ends of justice continuance:  (1) the diligence of the party seeking the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request; (3) the inconvenience to the opposing party, its witnesses, and the court; and (4) the need for the continuance and the harm that could be suffered as a result of a denial of the continuance.  *United States v. West,* 828 F.2d 1468, 1470 (10th Cir. 1987).  Counsel has diligently met with Mr. Amaya-Arriaga to review discovery, however, because certain information has not been provided, Mr. Amaya-Arriaga has not had an opportunity to review that critical evidence.  If the continuance is granted, counsel will have sufficient time to obtain and analyze the additional discovery, determine what, if any, motions should be filed pertaining to the evidence and meet with Mr. Amaya-Arriaga to review the evidence in preparation for trial.  The need for the continuance outweighs any harm that would be suffered by the government.

        9.      Counsel submits that the failure to grant a continuance beyond the time prescribed by 18 U.S.C. § 3161(c) would result in a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(i).  Considering the short time until trial, the additional discovery

being obtained by the Government, the need to adequately review the additional discovery and possibly prepare additional motions, and the need for defense investigation, this case is unusual and complex and merits ends of justice findings under 18 U.S.C. § 3161(h)(B)(ii). Further, allowing for due diligence, failure to grant this motion would deny counsel the reasonable time necessary for effective pretrial and trial preparation under 18 U.S.C. § 3161(h)(7)(B)(ii).

10. The Assistant U.S. Attorney Rajiv Mohan does not oppose this motion.

For the above-stated reasons, Mr. Amaya-Arriaga respectfully requests an ends of justice continuance of 45 days to obtain and review additional discovery, file pre-trial motions, and for a continuance of the trial.

This the 19th day of July, 2019.

BUTLER, LANDRUM & PIERCE, P.C.

**/s/ Lynn A. Pierce**
Lynn A. Pierce #18953
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorney for Defendant**

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

s/ Lynn Pierce